*Benj. Swift,* for the defendants in error.

---

## BENJAMIN HATHAWAY VS. PETER P. PHELPS.

An execution debtor remaining in possession of real estate after levy of the execution thereon, and after the expiration of the six months within which he might redeem, is, by statute, made the tenant of the creditor; and he, or any other person claiming under him, resting upon the title of the execution creditor, can recover against any one, who, without right, intrudes upon his possession and evicts him.

Admitted, *arguendo,* that possession alone is sufficient on which to maintain ejectment against a stranger; and *quære,* if it is competent for the defendant to set up an *outstanding title* against the disseisee:

The return of an officer, levying an execution on real estate, is conclusive upon the parties, and all claiming under them.

An executor or administrator may well satisfy his execution, by a levy on the real estate of the debtor of the testator or intestate.

THIS cause came before this court on a motion of the plaintiff, that the judgment of the county court against him be reversed, and for a new trial, founded on exceptions taken at the trial below, and allowed and certified to this court, for their final decision thereon, as follows:

Ejectment for lands in *Swanton,* being all that part of the lot, No. 88, situate west of the stage-road, leading from *St. Albans* to *Swanton.*

Plea, *not guilty,* and issue thereon.

On trial of the issue joined between the parties, as aforesaid, the plaintiff produced and read a deed of the premises sued for, from *Benjamin Weed* to *Erastus Hathaway,* dated October 4th, 1800, and a deed from the said *Erastus* to the plaintiff, dated May 17th, 1820, both duly acknowledged and recorded; and proved a possession and occupancy of the premises, by the said *Benjamin* and *Erastus,* in succession, in their own right, for more than fifteen years, prior to the levy of the execution there-

on, hereafter mentioned, and also that the defendant was in possession of the premises at the time of the commencement of the plaintiff's action.

*Franklin,*
*January,*
*1827.*

The defendant, to support the issue on his part, produced and read in evidence, the record of a judgment rendered by Chittenden county court, at their September Term, 1818, in favour of *Alvin Foote,* administrator of *Zaccheus Peaslee,* against the said *Erastus Hathaway,* and others, and also the record of an execution, issued on said judgment, and the levy of the same on the lands in question, made Nov. 10th, 1818 ; which execution, with the officer's return thereon, was duly recorded in the county clerk's office, in said Chittenden county, and contained a certificate of the town clerk of Swanton thereon, that the same had been duly recorded in the town clerk's office in said Swanton ; which said records were made a part of the case.

Hathaway
*vs.*
Phelps:

The plaintiff, to defeat the title under said levy, offered to prove by parol testimony, that prior to the said levy, the execution aforesaid had been, by direction of the judgment creditor, levied on certain lands of the said *Erastus,* including the lands in question, and that the same were duly appraised, and set off to the judgment creditor, in full satisfaction of said execution ; but no certificate or return of the levy and appraisal was made on the execution ; and that the appraisal of the lands in question under the *record* levy, was made by different appraisers, and at a less sum than under the first ; which testimony was objected to by the defendant's counsel, and rejected by the court.

The plaintiff further offered testimony to prove, that the appraisers, mentioned in the return of the officer on said execution, were not mutually chosen, or agreed upon, by the creditor and judgment debtor, as certified by the officer in said return ; but were all appointed by the judgment creditor alone, without the consent of the judgment debtor, who was present at the time, and objected thereto ; which testimony was objected to by the counsel for the defendant, and rejected by the court.

The plaintiff then produced, and read in evidence, the record of said execution and officer's return thereon, in the town clerk's office in Swanton, which varied from the record of the levy produced by the defendant from the office of Chittenden county court, in the description of the land levied upon, as appeared from the said record, which was made a part of this case ; (d) and the counsel for the plaintiff insisted, that the record of the levy in the town clerk's office was fatally defective

---

(d) The description of the land, in the record of the county clerk, was as follows:

"Beginning at the S. W. corner of lot, No. 88, thence east one degree S. 142 rods to the stage-road, (thence north, on the west line of the said stage road,) 27 rods and 13 links, thence west, one degree north, 119 rods to the west line of said lot, thence south, 36 degrees west, on the west line of said lot, to the first mentioned bounds, and contains twenty-two acres, and one hundred and twenty rods of land."

The description contained in the record of the *town clerk* of Swanton, was like unto it, omitting the *comma,* and the *words* contained in the parenthesis.

*Franklin,*
*January,*
*1827.*

Hathaway
*vs.*
Phelps.

and insufficient, and that the variance between the two records, was material, and rendered the levy invalid. But the court determined, and instructed the jury, that the land levied upon, could be sufficiently ascertained from the record in the town clerk's office, and that the variance was immaterial, and did not affect the validity of the levy.

The counsel for the plaintiff also contended, that, although the record in the county clerk's office, was a true copy of the original execution and return thereon, as presented to, and remaining in said office, yet that the return on the execution had been altered after the same was recorded in the town clerk's office, and before the recording thereof in the county clerk's office, in a material part of the description of the land levied upon, and offered to prove this by the testimony of *Charles Hall,* former town clerk of Swanton, and other witnessess, showing that he recorded the execution and officer's return correctly, in the records of said town, and that the record so made by him, was a true transcript of the execution and return thereon, as delivered to him for record; which testimony was objected to by the counsel for the defendant, and rejected by the court.

The counsel for the plaintiff further insisted, that an administrator could not acquire a title to real estate, by the levy of an execution, and that therefore no title was acquired to the land in question by virtue of the levy aforesaid. But the court determined, and directed the jury, that an administrator might lawfully levy on land, to satisfy a debt due to his intestate, and thereby acquire a valid title. And thereupon the jury, under the direction of the court, returned a verdict for the defendant.

To which several opinions of the court, given as aforesaid, the counsel for the plaintiff excepts, and prays, that his exceptions here drawn up may be allowed.

Allowed, and signed in court, and ordered that execution be stayed.                    SAMUEL PRENTISS, *Chief Justice.*

JOEL BARBER, JUN'R, *Assistant Justice.*

The counsel for the *plaintiff,* in argument, relied upon all the points excepted to, and also insisted that the defendant in this case, appearing to be a stranger to the levy and title of the administrator of *Peaslee,* could not protect himself by it in the wrongful possession of the premises.

For the *defendant,* it was contended,

1. That the levy of an execution on land cannot be proved by parol, any more than the conveyance of land by deed. If the execution and levy be not recorded in the town clerk's office, the levy is incomplete, and passes no title to the land, and therefore is not a satisfaction of the execution. See Statute 210.

2. The Sheriff's return is conclusive evidence, that the appraisers were mutually chosen by the creditor and judgment debtor, as certified by said sheriff, and also as to all questions that can arise between the creditor and debtor, and all persons claiming under them respectively.---*Boolt* vs. *Burnell,* 11 *Mass. Rep.* 163.----*Lawrence* vs. *Pond,* 17 *Mass. Rep.* 433.

*Franklin,*
*January,*
*1827.*

Hathaway
*vs.*
Phelps.

3. The return of the sheriff, as recorded in the town clerk's office in Swanton, is sufficiently certain to ascertain the land levied on.  From the lines which are given, there is no difficulty in ascertaining the course of the one which is omitted. And that is certain which can be rendered certain.

4. If the record of the execution, levy and officer's return is sufficiently accurate to render it certain what land was extended on, any alteration by the sheriff, or any other person, after it had been recorded in the town clerk's office, and before the return to the county clerk's office, will not vitiate the levy so as to defeat the title of the creditor.

5. An administrator may levy on land to satisfy a debt due to his intestate.    And it has been decided by the supreme court, with respect to this very land, that an administrator may acquire title to land by levy of an execution.—*Stat.* 344, 210. —*4 Mass. R.* 598, *Admr. of Boylston* vs. *Carver.*

6. If by a levy of execution, the title of the land is not vested in the administrator, but in the heirs of the intestate creditor, the plaintiff, *Hathaway*, cannot maintain this action.    For if by the levy, the judgment debtor was divested of the estate, nothing passed by the deed from him to the plaintiff.

The opinion of the court was delivered by

Skinner, Ch. J.    From the case it appears, that many questions were raised at the trial, and decided by the county court, and are again presented to this court for revision.    A further question is here presented, or rather one not particularly noticed in the case, and upon which we feel constrained to decide, though with much reluctance, as it may arise from an omission made through inadvertence.

This court will, and ought to presume, the proceedings and decisions of the county court to have been correct, unless the error is distinctly made to appear.    If exceptions are taken to the opinions of the county court in the trial of a case, no other decisions but such as are noted in the cases excepted to, and no other questions but such as were then presented, ought here to be considered.    From the case it appears, that the jury, by direction of the court, returned a verdict in favour of the defendant, for whom no evidence was given of a title or right of possession.    He stands as a stranger altogether.    Whether he entered under *Foote,* the administrator of Peaslee, or has any other real or pretended claim, does not appear.

From the facts stated in the record, *Erastus Hathaway* was, prior to the tenth of November, 1818, the owner in fee of the premises.    On that day, *Foote,* administrator of *Peaslee,* took the same in execution, and caused an appraisal to be made. *E. Hathaway* continued in possession till the 17th of May, 1820, when he conveyed to the plaintiff, who possessed up to the

Franklin,
January,
1827.

Hathaway
vs.
Phelps.

time of the eviction complained of. It had been repeatedly decided by this court, and so appears to be the common law, that possession alone is sufficient to maintain ejectment against a stranger, that is to say, against one who intrudes upon the possession of the plaintiff, and without right evicts him.—1 *D. Chip.* 141, *Ellthorp* vs. *Deming.*—*The same*, 92, *Persall* vs. *Thorp*; and also *Aden* vs. *Rivington*, 2 *Saund.* 111.----8 *East.* 356.----4 *Taunt.* 547.----4 *Johnson* 202.----4 *Mass.* 239, 418.----3 *Wheaton*, 224.---- These decisions being correct, and it is perhaps too late to permit them to be questioned, if the defendant can set up an outstanding title, there are few cases in which the principle will avail the plaintiff.

The defendant of course will show the right of the original grantee, and thus drive the plaintiff to show title in himself. No decided opinion is intended to be expressed upon this point, as there is another ground upon which we consider the verdict must be set aside. The debtor has a right to the possession of the premises for six months after the levy of the execution, and continuing in possession, he is by statute, made the tenant of the creditor, and subjected to pay rents for such period of time as he may possess.

The case shows, that *E. Hathaway*, the debtor, himself continued to possess for eighteen months after the levy of the execution.

As tenant then, he or any other person claiming under him, resting upon the title of the administrator of Peaslee, can recover against any one who may oust him. As the case is to be sent back to the county court for trial, it may be necessary, in view of the proceedings to be had there, that the other questions raised should be considered.

The testimony offered by the plaintiff, tending to show corruption or malfeasance of the sheriff, and thereby to avoid the return upon the execution of the Administrator of *Peaslee* vs. *E. Hathaway*, was properly rejected by the court. The return of the officer is conclusive upon the parties and all claiming under them. The variance in the return of the officer, as appears from the record in the town clerk's office, and in the office of the county clerk, is immaterial. In the town clerk's record, the quantity of land is given, the length and course of the north and south lines, and the course of the west line; therefore no uncertainty can remain as to the course and length of the east line, as no other than a direct course from the extreme east point of the south line to that of the north, a distance of twenty-seven rods, and thirteen links, can give the quantity. The court have no doubt as to the right of the executor or administrator to satisfy his execution upon the real estate of the debtor. Although difficulties may present as to the liabilities and duties of the executor in relation to estate thus acquired, the right has been sanctioned by a long course of pro-

ceeding, and the title to real estate, to a great amount rests upon it.

Judgment of the county court reversed, and the cause remanded for a new trial.

PRENTISS, J. absent from indisposition.

*J. P. Richardson, Benj. Swift,* and *S. S. Brown,* for the plaintiff.

*A. Aldis* and *Jas. Davis,* for the defendant.