*Tichout vs. Cilley.*

———————

DAVID STEVENS, JUN. *vs.* JOHN BROWN.

*Grand-Isle, January, 1830.*

The return of an officer, levying an execution on real estate, is conclusive upon the parties and all claiming under them.

F executed a deed of land to H, and, at the same time, gave H a receipt on a copy of the deed, acknowledging that he had received the original for the purpose of getting it recorded.   F having neglected to procure the original deed to be put upon record, the copy, with the receipt upon it, was afterwards recorded.   It was held in an ac_ tion of ejectment brought by S, who had levied an execution on the land as the property of F, that the said copy of the deed, with the receipt thereon, though recorded before the plaintiff's levy, was not admissible evidence to defeat his title.

This was *ejectment* for lots no. 5 and 6 in the town of Vineyard. Plea, not guilty.   At the trial in the county court it appeared in evidence, that in July, 1821, one Samuel H. Farnsworth recovered the seizin and possession of the premises, in an action of ejectment against one Helmes, commenced in the year 1818 ; that soon after the recovery of the judgement he took possession by virtue of a writ of *habere facias seisinam*, and put one Wait into possession of the premises as his tenant, who continued in possession till the spring of 1823, when the defendant brought a written message from Farnsworth to Wait, stating that Farnsworth had sold the premises to the defendant, and requesting Wait to deliver up the possession to him ; that thereupon Wait delivered pos-

session to the defendant, who entered and had continued in the occupancy of the premises ever since ; that the plaintiff on the 9th day of August, 1826, attached the land in a suit against Farnsworth, and afterwards recovered judgement in the action, and levied his execution on the premises.

The defendant offered to prove by the testimony of two of the appraisers named in the officer's return on the execution, that the land which they appraised was not the same which was described in the return. This testimony was excluded by the court. The defendant then, in order to show title in himself, produced in evidence a deed of the premises from Amy Hatch, Betsey H. Farnsworth, and Charles B. Hatch to himself, dated January 26, 1827, and a deed of the same from Charles Hatch to Amy Hatch for life, with remainder in fee to Betsey H. Farnsworth and Charles B. Hatch, dated January 22, 1821, and recorded March 13th, 1827. The defendant then offered a writing purporting to be a copy of a deed of the premises from Samuel H. Farnsworth to Charles Hatch, dated March 11th, 1819, with a receipt on the back of the writing, signed by said Farnsworth, acknowledging that he had received a deed, of which the within was a true copy, for the purpose of procuring it to be recorded ; which writing, with the receipt thereon, had been recorded January 21st, 1823 : and the defendant proved by a Mr. Lamb, that, in 1819, he witnessed a deed from Samuel H. Farnsworth to Charles Hatch, which the witness understood conveyed land lying in some one of the islands. To this writing the counsel for the plaintiff objected ; and, there being no other evidence of the execution and acknowledgement of the original deed, or of its loss or destruction, the court were of opinion that the writing, and testimony given in connection therewith, was not proper evidence to show title in the defendant, and directed a verdict for the plaintiff. The defendant's counsel filed exceptions on which the case was brought to this Court.

After argument, the opinion of the Court was pronounced by

PRENTISS, Ch. J.—The testimony offered by the defendant to show that the lands described in the return upon the execution against Farnsworth, under the levy of which the plaintiff claimed title, were not the lands which were in fact appraised upon the execution, went to contradict the officer's return, and was properly rejected. It is settled, that the return of an officer, levying an

GRAND-ISLE, January, 1830.

Stevens *vs.* Brown.

execution on real estate, is conclusive upon the parties, and all claiming under them.—(*Hathaway* vs. *Phelps*, 2 *Aik. Rep.* 84.)

The defendant, in order to show an elder title to the lands in question, derived through several persons from Farnsworth to himself, offered in evidence a writing, purporting to be a copy of a deed, duly acknowledged, from Farnsworth to one Hatch, with a receipt on the back of the writing signed by Farnsworth, acknowledging to have received a deed, of which the writing was a true copy, for the purpose of procuring the same to be recorded ; which writing, with the receipt thereon, was recorded prior to the plaintiff's attachment and levy.    Though it is held, that where a party has expressly acknowledged the execution of a deed by a recital under his hand and seal, the existence of the deed may be proved by such recital, against the grantor, and all persons claiming by title derived from him subsequently, yet the writing which was offered in evidence in this case was not under seal, and being a mere parole acknowledgement or admission, the original deed was higher and better evidence.    But admitting that the writing was admissible as secondary evidence of the execution and contents of the deed, upon the ground that the defendant was not a party to the deed, or in possession of it, and it was not in his power to produce it, yet the deed had never been recorded, nor was there any proof that the plaintiff had notice of it.    An unrecorded deed, though good against the grantor, his heirs, and strangers, is void against a subsequent purchaser or creditor, claiming under a right derived from the grantor, unless the purchaser or creditor had notice of the prior deed.    The writing which was offered in evidence was not entitled to be recorded, and the record of it, therefore, could not operate as notice to the plaintiff.    If the record of a copy is not in law a record of the original deed, and is no evidence of title, it is a nullity, and cannot be good for the purpose of notice, or avail to any effect in law.

Judgement affirmed,

*Smalley & Adams*, for plaintiff.
*Royce*, for defendant.