## HOOLE AND PAULLIN vs. THE ATTORNEY GENER-AL, EX REL. &C.

1. Chancery has jurisdiction to enjoin and abate a public nuisance, caused by the obstruction of a public road or highway; and the fact that the corporate authorities of the town within whose limits the nuisance is erected have been invested, by act of the legislature, with power to abate nuisances within the limits of the corporation, does not take away the jurisdiction of chancery, without an express provision to that effect.

2. A dedication or gift of land for public uses can only be made by the owner or proprietor; a mortgagor has no such power, as against the mortgagee and those claiming under him, although, as to all other persons, he is regarded as the owner.

3. But if the mortgagee assents to the dedication made by the mortgagor, he will be bound by it, as also those claiming under him.

4. The mere fact of acquiescence on the part of the owner in the use and enjoyment of a way by the public, as a public road or highway, would not create the presumption of a dedication, until after the lapse of twenty years, without some clear and unequivocal act on his part amounting to an explicit manifestation of his intention to make a permanent gift of the road to the public.

5. The fact that the owner of the fee, in a conveyance of an adjoining tract of land, described it as lying east of the road, is not an act of such an unequivocal and decisive character as to amount to an implied dedication of it to the public use.

6. The pendency of a foreclosure suit, from the time when service is perfected, is constructive notice of the mortgage, although it is not recorded according to the requisitions of the statute.

7. The dedication of a road to the public must, in the absence of all testimony proving that value was paid for the grant, be regarded as voluntary and gratuitous; and the expenditure by individuals of money or labor in opening it, so far as the public is concerned, is no evidence of a valuable consideration paid for the grant of the land to the public use.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. J. W. LESESNE.

The bill in this case was filed in the name of the Attorney General, on the relation of John Hart and John M. Copeland, against the plaintiffs in error, to enjoin and abate a public nuisance, caused by the erection of a fence by Hoole across a street or public road in the town of Eufaula. The charges and allegations of the bill, and answers, as well as the other facts of the case, sufficiently appear from the opinion of the court. On the hearing, the Chancellor decreed a perpetual injunction against the plaintiffs in error, from

which they appeal to this court, and here assign for error the rendition of the decree.

P. T. SAYRE, for plaintiffs in error:

1. There is no equity in the bill. No reason is stated why full and complete redress could not be had at law, and this should have been shown in the bill. 5 Porter 317. In cases of public nuisance, the jurisdiction of a court of chancery is rare, and confined to cases seeking preventive relief. In this case, the fence had been already erected, and the property already damaged. 2 Story's Equity, §§ 924, 925; 2 Waterman's Eden on Injunctions, note 259. Equity interferes to restrain a public nuisance, only in order to prevent irreparable injury before a court of law can act definitely. 5 Porter 317. Application should have been made to the corporate authorities of the town of Eufaula, or to the Circuit Court by indictment.

2. The facts stated in the bill do not give the court jurisdiction, viewing the nuisance as private. The injury to the relators is the alleged diminution in the value of their property, and that it will be lessened much more if the obstruction is not removed. In order to authorize a court of equity to entertain a bill to restrain a private nuisance, the injury must be irreparable, and not to be compensated by damages; mere diminution in the value of property, without irreparable mischief, will not afford any ground for equitable relief. 16 Vesey 342; 2 Swans. 338; 7 Porter 238; 1 McCord's Ch. 309; 2 Story's Equity § 925; 2 Waterman's Eden on Injunctions 259. The statement in the bill, that the relators fear a greater diminution in the value of their property, does not give the court jurisdiction. 5 Porter 314.

3. The facts do not establish a dedication. There can be no dedication, unless it be by the owner of the fee. 3 Kent's Com. 457. Paullin had no title subsequent to 1837; the bill to foreclose was filed in November, 1841, and service perfected Nov. 13, 1841; the mortgage became forfeited twelve months after its execution, and the fee then vested in the mortgagee. 6 Ala. 542; 1 ib. 739. *Lis pendens* is notice of the mortgage. 8 Ala. 570. The public cannot be considered a *bona fide* purchaser for value. The relators did not

make their improvements until long after the decree of fore-closure. Westcott was a non-resident, and cannot be presumed to have acquiesced in the use of the road by the public. Westcott obtained all the title which Wm. S. Paullin had when the mortgage was executed, and Paullin had no right to encumber it.

The testimony does not make out a case of dedication; nor does the proof entitle the relators to the aid of chancery.

The answer shows that Lewis Paullin was the owner of the land, and this is proved by the evidence; he ought therefore to have been made a party. 8 Porter 272; 5 Ala. 178; 16 ib. 630.

BELSER & RICE and CATO, contra:

1. The mortgage of William S. Paullin to Westcott, of the 9th of September, 1836, does not amount to constructive notice to complainants of its existence, and express notice to them of the fact of its execution is neither alleged by the defendant in the pleading, or proved by the evidence. Herbert v. Hancock, 16 Ala. 597; Brock v. Headen, 13 Ala. 370; McGehee v. Carpenter, 4 ib. 469; Allen v. Railroad, 11 Ala. 438; Clay's Digest, page 152 § 2, p. 154 § 15, p. 379 § 3, p. 155 § § 22, 23, 24, 25.

2. But if mistaken in this view, and the mortgage amounted to constructive notice by virtue of its record, still Wm. S. Paullin, the mortgagor, is considered in law and equity owner of the fee, and could, therefore, even while the mortgage to Westcott was in force and unforeclosed, make the dedication. 11 Johnson 593; 4 ib. 41; Jackson v. Vernon, 1 East 288; Eaton v. Jacques, 1 H. Black. 117.

3. No deed, nor particular form of grant, nor great length of user, is necessary to a dedication; it is enough if the intent to dedicate is fairly apparent, and that there is an acceptance of it by the public; and this intent may be gathered from the acquiescence of the parties making it—from his acts and declarations, and from the acts and declarations of the parties claiming through the original dedicator. Rector v. Hyatt, 8 Missouri 448; 6 Peters 431; 10 ib. 662; Larned v. Larned, 11 Metcalf, 421: Kennedy v. Jones, 11 Ala. 81; James v. Dean, 3 Bing. 447; Curtis v. Hoyt, 19 Conn. 154;

Hobbs v. Lowell, 19 Pick. 409; Cleaveland v. Cleaveland, 12 Wend. 172; Denning v. Roome, 6 ib. 651; State v. Trask, 6 Vermont 355; State v. Cullen, 3 ib. 530; Noyes v. Ward, 19 Conn. 265; People v. Benham, 2 Doug. 256; Pritch v. Atkinson, 4 N. Hamp. 9; Green v. Horner, 6 Ser. & Rawles 71; Rex v. Lloyd, 1 Camp. 262; U. States Dig. vol. 2, p. 26, (dedications) §§ 1, 9.

4. The defendants in the court below are presumed to have had notice of the dedication anterior to their purchase, from the use made of the road, and from the notoriety of the transactions connected with it. City v. White, 6 Peters 441; Scroggins v. McDougald, 8 Ala. 384; Brown v. Anderson, 1 Monroe 201; Governor v. Lynch, 2 Paige 300; Hiern v. Mill, 13 Vesey 120.

5. The complainants in the court below having purchased and improved their property with reference to the dedication, will, under the circumstances, be protected in equity; to hold otherwise would operate as a fraud on them. Wyeth v. Stone, 1 Story 282; City, &c., v. White, 6 Peters, 438; Abbott v. Mills, 3 Vermont 519; Renck v. Kerr, 14 Ser. & Rawles 267; Lewis v. Carstars, 6 Wharton 193; Rector v. Hart, 8 Missouri 458; Noyes v. Ward, 19 Conn. 265.

6. Equity has jurisdiction in cases of public nuisance, to prevent irreparable mischief to private rights, or reasonably apprehended injury; and the stopping of a public route is such a nuisance. Demmett v. Eskridge, 6 Munford 308; 4 Hen. & Munf. 474; Beveridge v. Lacey, 3 Rand. 63; State v. Mayor, &c., 5 Porter 279; Bemis v. Upham, 13 Pick. 169; Mayor v. Rodgers, 10 Ala. 47; 7 Ohio 219; City v. Canal Co., 12 Peters 91; Brady v. Weeks, 3 Barbour 157.

7. Equity never refuses its aid where there is a clear right to the enjoyment of the subject in question, and an injurious and unauthorized interruption of that right to the detriment of private persons; and in such a case the bill may be filed by the Attorney General, at the instance of the relators, if deemed expedient, or by themselves without using his name. Bell et al. v. Blount, 4 Hawk's 391; State v. Mayor, 5 Porter 279; Attorney General v. Cleaver, 18 Vesey 211.

8. Generally, where the evidence is conflicting, and the injury to the public doubtful, equity will withhold its interpo-

sition; but when private individuals suffer in interest, distinct from the public in general, it will take active measures against allowing the public nuisance to continue. Spencer v. London et al., 8 Simons 193; Catlin v. Paige, 9 Paige 575.

9. The power of the council of Eufaula to abate nuisances, cannot affect in any way the acknowledged jurisdiction of a court of equity over the matter. Its jurisdiction is not exercised for the purpose of interfering with other jurisdictions, but to exercise a salutary control for the public protection. Attorney General v. Johnson, 2 Wilson Ch. 102; City Council v. Scott, 13 Ala. 477; Waterman's Eden on Injunctions, 2 vol. 3 ed. p. 259; (see note.)

10. There is enough on the face of the bill, which is proven, to give the equity court jurisdiction; and where this is the case, and the *allegata* and *probata* to this extent agree, this will answer, although there may be other allegations which are not proven. Bishop's Heirs v. Bishop, Admr., 13 Ala. 475.

11. The *lis pendens*, as to the foreclosure of Westcott's mortgage, commenced with the service of the subpœna in the cause, and this is long after the dedication in 1851. If the mortgage itself was not notice, the *lis pendens* after the dedication, about three years or upwards, is not notice. Godwin v. McGehee, 15 Ala. 233.

12. Overseers of roads in towns liable to indictment, like overseers of the roads in the county, the mode of appointment is only variant. Clay's Digest 507 § 2; and the town shall repair after user. 4 New Hamp. 13; State v. Crampton, 2 ib. 513.

GOLDTHWAITE, J.—The bill is filed by the Attorney General of the State, at the relation of John Hart and John M. Copeland, and charges that the plaintiff in error, Hoole, has obstructed a public street or road within the corporate limits of the town of Eufaula, by the erection of a fence; and the prayer is, for an injunction and abatement of the obstruction.

Any obstruction of a public road or highway which renders its passage less commodious, is a nuisance, and whatever doubts may formerly have existed as to the powers of a court

of chancery to entertain a bill to enjoin and abate a public nuisance, the jurisdiction of that court for this purpose is at the present day well settled; (Eden on Injunctions 259, 265; 2 Story Eq. §§ 923, 924; Attorney General v. Johnson, 2 Wilson Ch. R. 101, 102; Atty. Gen. v. Forbes, 2 Mylne & Craig 129; Spencer v. London & Birmingham, Railroad Co., 8 Simon R. 193; Sampson v. Smith, 8 Sim. R. 272; The State v. Mayor and Aldermen of Mobile, 5 Port. 279;) and the fact that the town council of Eufaula have been invested by the legislature with the power to abate nuisances within the limits of the corporation, does not deprive chancery of its jurisdiction, without an express provision to that effect. King v. Baldwin, 17 John. R. 384; Gould v. Hayes, 19 Ala. 438, 450.

But upon the merits of the case the decree cannot be sustained. The jurisdiction of the court is based upon the charge, that the fence erected by the defendant, Hoole, was a public nuisance; and whether it was so or not, depends solely upon the fact of its erection upon a public street or road. It is not pretended that the street, which it is alleged was obstructed, was laid out or opened by the corporate authorities of the town of Eufaula, but it is charged that it became a public road by a dedication from William S. Paullin in 1841, he being at that time the owner of the fee. If this allegation is sustained by the evidence, then the main fact of the case is fully established; the evidence in relation to the use of the road by the public being full and satisfactory. The dedication is, however, denied by Paullin in his answer; but we think that the testimony of the witnesses, Laird and Raleigh, would be sufficient upon that point, if it appeared that Paullin was the owner of the fee. The bill, it is true, charges that he was so, but this is denied by the answer, and the evidence shows that the land upon which the fence was erected, was mortgaged by Paullin in 1836, to one Westcott; that the law day expired in 1837; that in November, 1841, a bill of foreclosure was filed by the mortgagee in the Chancery Court of Barbour county, a decree rendered in favor of the complainant in 1844, the land sold in 1845, and purchased by Lewis Paullin. It is a self-evident proposition, that a dedication or gift of land for public uses

can only be made by the owner or proprietor; and, although the mortgagor is to be regarded as the owner of the estate mortgaged, as to all persons but the mortgagee and those claiming under him, (Doe v. McLosky, 1 Ala. 708,) yet it is equally well settled that he cannot impair the rights of the mortgagee, by passing any interest in the premises. Ellsthorp v. Dewing, 1 Chip. 141. In the present case, the evidence shows that the land was sold by the agent of the purchaser at the sale under the foreclosure, Lewis Paullin, to one Posten, and by the latter to Hoole, who thus deduces his title directly from the mortgagee, and is entitled to all the rights in the land which the mortgagee himself had.

But it is urged, on the part of the defendant in error, that the mortgagee in this case acquiesced in the use of the road; that Lewis Paullin, the purchaser under the mortgage sale, recognized it by the execution of a deed, in which the road in question was described as the western boundary of the tract conveyed, and that Posten, the purchaser from Lewis Paullin, also acquiesced in the dedication. We think the position a clear one, that if Westcott assented to the dedication made by William Paullin, he would be bound by it, and those claiming under him could take no greater rights than he himself possessed; and the same principle is applicable both to Lewis Paullin and to Posten; but the assent to the dedication is very different from the acquiescence in the use of the road by the public. As a general rule, the mere fact of acquiescence on the part of the owner in the use and enjoyment of the way as a public road, would not create the presumption of dedication, until the period of twenty years, without some clear and unequivocal act on the part of the owner, amounting to an explicit manifestation of his intention to make a permanent gift of the road to the public. 3 Kent's Com. 451. The record, so far from disclosing any assent on the part of the mortgagee or those claiming under him, to the acts of William Paullin, which are said to amount to a dedication, does not even show that either of them knew of these acts. There can be no assent without knowledge; and as the mere acquiescence for the period of time which the record shows it existed, is not sufficient, the only additional fact which is necessary to be considered upon this point, is,

the act of Lewis Paullin in recognizing the road as the western boundary of the lands conveyed by him in the deed of 18th January, 1850; and the question is, whether from this act we are authorized to imply a dedication. An implied dedication is where the appropriation to the public use is not expressly proved, but is inferred from the acts of the grantor, which are deemed incompatible with any other hypothesis. Matthews on Presumptive Evidence 317. Thus, the laying out of a town plat, and selling lots with reference thereto, is properly regarded as a conclusive act of dedication to the public of the streets laid down upon such plat. But is the act referred to one of this character? The conveyance is, for a certain tract of land lying east of the road, running into the town of Eufaula, from the lower bridge over Barbour creek. Here is no gift or abandonment of the way to the public; no recognition of public rights in the road. Reference is made to it simply as the means of describing the land conveyed, and designating its geographical boundary. It may be, that he desired the road to be kept open for his own use, or as a private way; but, be this as it may, we cannot regard it as an act so unequivocal and decisive in its character, so inconsistent with every other hypothesis, as clearly to manifest his intention of abandoning the road to the use of the public, and thus warrant us in depriving him of his rights as the proprietor of the land.

It is also insisted on the part of the defendants in error, that the relators having made valuable improvements with reference to the road in question, they are to be regarded as purchasers for value; and that as the mortgage was recorded without the proof required by the statute, it would not, in the absence of other evidence, be considered as notice.

Conceding that the recording was insufficient notice, yet, as the record shows that the service of the bill to foreclose was perfected in November, 1841, and there is no evidence that the purchase of the lots was made before that time, and the improvements of the relators were not made until 1845 and 1850, they cannot claim the benefit of any equity in this aspect of the case, inasmuch as they must be considered as having notice of the mortgage from the 13th November, 1841, the time when it appears from the record that the

service was perfected upon the mortgagor; (Bolling v. Carter & Womack, 9 Ala. 921; Doe v. Magee, 8 Ala. 570;) while so far as the public are concerned, the working on the road, or the expenditure of money for opening it, after the dedication was made by William Paullin, is no evidence of a valuable consideration paid for the grant of the land for the public use. The dedication of the land to the public, for the purpose of using it as a highway, must, in the absence of any testimony proving that value was paid for the grant, be regarded as voluntary and gratuitous, and therefore not within the statute, (Clay's Digest 255 § 5,) in which the term "purchasers" by analogy to the decisions on the statute 27 Eliz. in relation to fraudulent conveyances, must be construed to mean purchasers for value. 2 Lomax' Dig. 368 § 11; Twyne's case, 3 Coke 80.

The views we have taken are conclusive of the case. Upon an indictment for a nuisance, the State could have claimed no right from the dedication of William Paullin, against any one claiming through his mortgagee, and the same facts which would have constituted a defence upon the trial on indictment, must prevail in the present suit.

The decree of the Chancellor must be reversed, and a decree here rendered dismissing the bill at the cost of the relators.