ATTORNEY GENERAL, RELATOR v. LOUISA V. HANE.

*Appeals—Security for costs—Proceedings to abate nuisances.*

An appeal in equity cannot be taken to the Supreme Court unless some one appears, on the record, as responsible to the adverse party for costs.

The Attorney General has no authority, unless in extraordinary cases, to proceed at his own instance as relator for the State, to sue a private person by information in chancery to abate a mill-dam on the ground of its being hurtful to health; such a case should be prosecuted, if at all, by the public, and submitted to a jury.

Appeal from Clinton.   (V. H. Smith, J.)   April 18.—April 25.

INFORMATION in equity.   Informant appeals.   Dismissed.

Attorney General *Jacob J. Van Riper, C. J. Willett* and *Benton Hanchett* for informant.   The Attorney General may file an information in equity to abate a public nuisance: 2 Story's Eq. Jur. §§ 922–3; High on Inj. §§ 522–6; Angell on Watercourses § 565; *State v. Franklin Falls Co.* 6 Amer. 513; *Att'y Gen. v. Forbes* 2 Myl. & C. 123; *Davis v. Mayor, etc.* 14 N. Y. 526; *People v. Vanderbilt* 38 Barb. 287; *Att'y Gen. v. Evart Booming Co.* 34 Mich. 472.

*A. Stout* for respondent.

PER CURIAM.   This is an information in equity to abate a mill-dam as injurious to the public health.   It purports to be on the sole intervention of the Attorney General, though prosecuted apparently by private counsel.   The defendant pleaded to the jurisdiction, and the court below allowed the plea and dismissed the information.

The Attorney General appealed.   The case has proceeded without any relator responsible for costs, and no security has been given on appeal, and no one appears here to represent the State.

We are not aware of any precedent for this practice. So far as we know, no case in equity can be appealed to this Court without some one on the record to be responsible to the other party for the costs.

But the proceeding suggests further thought. The case must exhibit very remarkable features to authorize the Attorney General to proceed as relator for the State at his own instance, and by information in chancery sue a private person to abate a mill-dam on the ground of its being hurtful to health.

As a general rule the public must prosecute in such a case, if at all, at the common law and afford the defendant an opportunity to have the question decided by a jury, and the facts must be extraordinary to admit of a departure.

We see nothing here to justify a transfer of the jurisdiction.

Appeal dismissed.