# Alabama Western R. R. Co. *v.* The State, *ex rel.* Attorney General.

*Bill to Abate a Public Nuisance.*

(Decided April 16, 1908.  46 South. 468.)

*Municipal Corporations; Obstructions of Streets; Bill by State.*— A city has not the exclusive right to maintain a bill to abate an obstruction of one of its streets, constituting a public nuisance. Such a bill may be filed and maintained by the state.

[Alabama Western R. R. Co. v. The State ex rel. Attorney General.]

APPEAL from Birmingham City Court.

Heard before Hon. A. A. SHAPRE.

Bill by the state, on relation of the Attorney General, against the Alabama Western Railroad Company. From a decree overruling the motion to dismiss the bill for want of equity, defendant appeals. Affirmed.

PERCY & BENNERS, for appellant. Conceding that chancery has jurisdiction to abate nuisances the state is not the proper party to file a bill for the abatement of a public nuisance where such nuisance is in a public street in a city. That duty devolves upon the municipal authorities.—*People v. Equity Gas Light Co.,* 141 N. Y. 232; *Attorney General v. Metropolitan R. R. Co.,* 125 Mass. 515; *Attorney General v. Tudor Ice Co.,* 104 Mass. 239. The nuisance must be clearly established.—*District Attorney v. Lynn and Boston R. R. Co.,* 16 Gray. 242. Courts will not interfere at the instance of the state when the nuisance may be removed by other constituted authorities.—*Attorney General v. Bay State Brick Co.,* 115 Mass. 431; *Attorney General v. Sheffield Gas Co.,* 3 Degex. M. & G. 304; *Attorney General v. Haynes,* 15 N. W. 509. The municipal authorities have jurisdiction over the streets.—*McCain v. The State,* 62 Ala. 138.

ALEXANDER M. GARBER, Attorney General, and RICHARD H. FRIES, for the State. Every citizen of the community has the right to abate a public nuisance.—*State v. Bell,* 5 Port. 377; *State v. M. & A.,* 5 Port. 313. The fact that the city has the right does not deprive chancery of jurisdiction.—*Hoole v. Attorney General,* 22 Ala. 195; *Gould v. Hayes,* 19 Ala. 438; 14 A. & E. Ency. of Law, 1136. The Attorney General may institute proceedings in behalf of the state.—*State v. M. & A.,* 24

Ala. 703; *Griffin v. Spencer,* 69 Ala. 397; *Attorney General v. Forbes,* 2 M. & E. 129; *State v. Bell, supra;* Elliott on Roads & Streets, Daniels Chan. P. & P. secs. 5, 10 and 11. On the general jurisdiction of the chancery court we cite the following:—*Weiss v. Taylor,* 43 South. 520; *Nixon v. Bolling,* 145 Ala. 278; *Cabell v. Williams,* 127 Ala. 327; *First Nat. Bank v. Tyson,* 133 Ala. 459.

DOWDELL, J.—The bill in this case is filed in the name of the state, on the relation of the Attorney General. The purpose of the bill is to abate a public nuisance, namely, an obstruction of a certain public street in the city of Birmingham. The case was heard below on a motion to dismiss the bill for want of equity, upon the theory that the state is not the proper party to file a bill for the abatement of a public nuisance, where such nuisance is in a public street in a city, but that such duty devolves upon the municipal authorities. The court below overruled the motion to dismiss the bill, and from the decree overruling the motion this appeal is prosecuted.

The jurisdiction of a court of chancery to abate a nuisance is not denied by the respondent, appellant here; but it is conceded. It is contended, however, that the city alone has the right to maintain a bill to abate a public nuisance in its streets, and cases from other jurisdictions are cited in support of this contention. Whatever may be the decisions of courts of other jurisdictions, this court, we think, is committed to a different doctrine. A public street in a city is a public highway, and its uses belong to the public generally, and it cannot be said that such uses are limited to the municipality or to its citizenship alone. Nor is the authority and power of the municipality over its streets as to the abatement of nuisances exclusive. This was expressly

[Alabama Western R. R. Co. v. The State ex rel. Attorney General.]

held in the case of *Hoole & Paulin v. Attorney General,* 22 Ala. 190. It may be that such authority might be by legislative grant conferred exclusively upon the muunicipality; but such is not the case here.

It is contended, however, that in the case of *Hoole & Paulin v. Attorney General, supra,* the question as to who was the proper party to maintain the bill was not decided. The question, nevertheless, was argued in brief of counsel, and the court held that the bill had equity, though the case was decided on its merits on the facts. The question here is on the equity of the bill, its averments being confessed. In this respect, we think the case of *Hoole & Paulin v. Attorney General, supra,* is undoubted in point as an authority. There might be a case in which the municipality authorized the nuisance complained of, and in such a case it is hardly to be supposed that the municipal authorities would take action to abate the nuisance, and, if the doctrine contended for by appellant be upheld, the wrong to the general public would be without redress. There are a number of our cases that might be cited persuasive of the view we have expressed, but we are contented to rely upon the case of *Hoole & Paulin, supra,* and the general doctrine of equity jurisdiction in cases of public nuisance and the right of the state to take action for the suppression of the same.

The decree appealed from will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.