ATTORNEY GENERAL *v.* MURRAY.

Nuisance—Injunction—Highways and Streets—Ingham County Equity Court Without Jurisdiction to Entertain Bill Filed by Attorney General.

> In view of constitutional and charter provisions (Art. 8, § 28, Const., Act No. 437, Local Acts 1899, chap. 20) giving to the city of Mackinac Island the right to reasonable control of its public streets, the court of chancery of Ingham county was without jurisdiction to entertain a bill filed by the attorney general of the State to enjoin a nuisance consisting of the obstruction of a public street in said city in the absence of a showing that its council had refused to act or that there existed a necessity of an impelling nature bringing the case within the provisions of 3 Comp. Laws 1915, § 12340, subd. 12.   Fellows and Bird, JJ., dissenting.

Appeal from Ingham; Carr (Leland W.), J.   Submitted January 26, 1923.   (Docket No. 53.)   Decided December 19, 1923.

Bill by Merlin Wiley, attorney general, on behalf of the people of the State of Michigan, against David W. Murray to abate a nuisance in a public street. From an order denying a motion to dismiss, defendant appeals.   Reversed, and bill dismissed.

*Merlin Wiley,* Attorney General, and *J. E. Converse,* Assistant Attorney General, for plaintiff.

*Prentiss M. Brown (Edward Osgood Brown,* of counsel), for defendant.

Steere, J.   A bill in equity was filed by the attorney general in the circuit court of Ingham county asking permanent injunction to restrain defendant from

On State as proper party to maintain bill to abate nuisance in city street, see 19 L. R. A. (N. S.) 1173.

maintaining an alleged nuisance consisting in an encroachment of a building upon a public street of the city of Mackinac Island, on the Island of Mackinac, in the county of Mackinac. Defendant made a motion in the nature of a demurrer to dismiss the bill on jurisdictional grounds, which was denied, and the proceeding appealed to this court for review.

Introductorily the bill describes the location of the island of Mackinac, having upon it a State park used as a summer resort by the people of this State and others, alleges that the principal business of the city is to supply the wants of resorters; that defendant is owner in the regular chain of title of a described parcel of land in said city, being a part of lot or private land claim 332. That in the original grant from the United States of said land claim and all other lands patented on the westerly and southerly shore of the island a strip 100 feet wide along the water's edge was reserved for use as a public highway and "at all times" since has been so used, for 50 years or more, "and. is the main street or highway of and for the city of Mackinac Island, and is the principal business street of said city."

The ground stated and relief asked in said bill are as follows:

"That the said defendant, David W. Murray, has without right, title or warrant therefor, on the premises above described, in this that the said defendant has constructed and maintained on said above described premises certain permanent buildings now being used by the said defendant, or his lessors, for mercantile purposes; that said buildings are entirely within the limits of the said public street or highway and are between the traveled portion of said street and the water's edge.

"That the public use of said street or highway through the premises of the said defendant, as above described, has been limited by the above set forth encroachments and obstructions so placed by the said

defendant on said public street to such an extent that the traveled portion thereof is at the present time limited to a width of, to wit: Fifty feet. That the limiting of the traveled portion of the highway at this place on said street, because of the congested and crowded conditions of the street, particularly during the summer months, creates an unwarranted and unlawful interference with the rights of the public in and to such streets.

"That the above encroachments and obstructions within the limits of said street or highway, as herein set forth, are undue, illegal and unwarranted interferences with the rights of the State of Michigan and the people of said State in and to the use of said public street or highway within the limits of one hundred feet, and as such has become and is a public nuisance. * * *

"Inasmuch, therefore, as the State of Michigan and the people of said State have no adequate remedy at law in the premises and can only be relieved in equity, your petitioner prays: * * *

"2. That the said defendant, David W. Murray, may be decreed to have no right, title, interest or privilege whatsoever, which would entitle him to occupy or use any portion of said above described premises within said street or highway for other than street or highway purposes.

"3. That said encroachments and obstructions, as herein set forth, * * * be decreed to be a public nuisance and an illegal and unwarranted interference with the rights of the State of Michigan and the people of said State in and to the use of said street or highway, and ordered removed from the limits of said highway forthwith.

"4. That the said defendant, David W. Murray, may by order of this court, be forever restrained and enjoined from keeping, maintaining or constructing any encroachments or obstructions on any part of said street or highway on said premises."

The three grounds of demurrer urged in the briefs of defendant's counsel are, want of equity jurisdiction, the Ingham county circuit court, in chancery, has no jurisdiction over the subject-matter of the suit.

and the attorney general is not a proper party to institute the proceedings.

The second and third grounds are to a degree interlaced. It is manifest that the *locus in quo,* or place in which the cause of action is alleged to have arisen or the wrong charged is alleged to have been done, is on Mackinac Island in the county of Mackinac. Patents for the original grant of the land, to which reference is made in the bill for greater certainty, show that the fee of this street was conveyed to the grantee subject to the easement of a highway. An interest in land, if not the title, is necessarily in dispute and involved. In such case it is evident the provisions of our statute relative to the place for commencing litigation both in law and in chancery (3 Comp. Laws 1915, § 12340) would preclude commencing this suit in Ingham county were it not for the following clause in subdivision 12:

"And when it may be necessary to file a bill or information or to commence any proceeding in chancery on the party (part) of or in behalf of the State the same may at the election of the attorney general be commenced in the circuit court for the county of Ingham on the equity side thereof and said court shall have complete jurisdiction and full power and authority in the premises."

The first question which naturally suggests itself in connection with this exceptional venue clause in the statute is whether it was "necessary" or within the authority of the attorney general to file this bill in behalf of the State to protect public interests or suppress the alleged invasion of them. It is not shown to have been filed on the relation or complaint of any one, is not directed to the action of any officer or public body, nor to meet any emergency or threatened invasion. The situation as shown by the bill is that there is an open, unobstructed traveled portion of the right of way 50 feet wide between which and the water's edge

defendant *has constructed and maintained* permanent buildings which are being used by him, "or his lessors," for mercantile purposes. When they were constructed or how long they had been maintained there and used for business purposes is not shown.

The statements of fact in the bill are to be taken as true; but if contradictory they nullify each other, and pertinent matters of common knowledge or public record may be resorted to in construing them.

The bill advises that the offense charged is being committed in the incorporated city of Mackinac Island on its principal business street, causing a crowded or congested condition of the street "particularly during summer months." It appears that the city was incorporated by Act No. 437 of the Local Acts of 1899, including in its boundaries "all of Mackinac Island and Round Island" (a small island close adjacent), and embraced the "navigable waters adjacent to said city for a distance of one mile from the shore line of said islands." Official statistics show that in 1904 said city had a population of 736, and in 1920, 493.

The bill alleges that within said city is "a system of streets and highways dedicated to public use" and used by the people of the State, how extensive the system or to what extent used is not shown. Manifestly it cannot connect with or become a part of any general thoroughfare or trunk line highway system of the State. It is of necessity peculiarly local in character and use.

In article 8 of our Constitution, which deals with "Local Government," section 28 provides:

"The right of all cities, villages and townships to the reasonable control of their streets, alleys and public places, is hereby reserved to such cities, villages and townships."

The charter of the city of Mackinac Island granted by a special act of the legislature is comprehensive, comprising 31 chapters which occupy approximately

100 printed pages of the local acts of that year.   It provides in detail for all municipal activities and officers customary in city charters.   Chapter 20 is devoted to "streets and public grounds," commencing with the general mandate:

"SECTION 1.   The council shall have supervision and control of all public highways, bridges, streets, alleys, sidewalks and public grounds within the city and shall cause the same to be kept in repair, and free from nuisance."

Amongst other things the chapter provides:

"SEC. 2.   The council shall have authority to lay out, open, widen, extend, straighten, alter, close, vacate or abolish any highway, street or alley in the city, whenever they shall deem the same a public improvement; and if in so doing it shall be necessary to take or use private property, the same may be taken in the manner in this act provided for taking private property for public use.   *   *   *

"SEC. 3. When the council shall deem it advisable to vacate, discontinue or abolish any street, alley or public ground, or any part thereof, they shall by resolution so declare, and in the same resolution shall appoint a time, not less than four weeks thereafter, when they will meet and hear objections thereto—   *   *   *

"SEC. 5. The council shall have authority, to determine and establish the grades of all streets, avenues, alleys and public grounds within the city.   *   *   *

"SEC. 11.   The council shall have the power to prohibit and prevent obstructions and encumbrances in, and encroachments upon the public highways, streets and alleys of the city, and to remove the same, and to punish those who shall obstruct, encumber, encroach or maintain any encroachments, upon or in any such highway, street or alley; and to require all such persons to remove every such obstruction, encumbrance and encroachment.

"SEC. 14. The council may regulate the use of the public highways, streets, avenues and alleys of the city, subject to the right of travel and passage therein. *   *   *   and in addition to all other powers herein

granted, the council shall have the same authority and powers over and in respect to the public streets of the city as are conferred by law upon highway commissioners in townships."

The last quoted provision apparently confers, by reference, upon the council amongst other things the power and duties imposed on township highway commissioners by chapter 7 of the general highway laws entitled "The obstruction of highways and encroachments thereon."    1 Comp. Laws 1915, § 4401 *et seq.*

Counsel for the respective parties take wide issue on this provision of the charter.    For defendant it is claimed that by it the provisions of said chapter 7 become a part of the charter to the extent that its provisions furnish an adequate and exclusive remedy at law to the exclusion of all equity jurisdiction under any circumstances, citing amongst other authorities *Township of Lebanon* v. *Burch,* 78 Mich. 641; *Township of Greenfield* v. *Norton,* 111 Mich. 53, where language to that effect is pointed out; while plaintiff's counsel stand on the provision of section 12302, 3 Comp. Laws 1915, that equity shall have jurisdiction "to hear and determine all cases of encroachments upon the public highways, streets and public alleys in organized townships, incorporated villages and cities in this State," contending the special remedy for townships is at most but concurrent, citing *Neal* v. *Gilmore,* 141 Mich. 519; *Hinckley* v. *Dennison,* 169 Mich. 361; and, if as defendant contends, such provision of the charter could not control against the paramount rights of the public in and to public highways which the State in its sovereign power protects.

In passing upon the right of the attorney general to maintain this bill we do not find it necessary to follow supposititious arguments of counsel directed generally to the jurisdiction of equity courts in cases of obstruction or encroachment, or of Ingham county chancery court to entertain a bill filed by the attorney

general in behalf of the State in a proper case, when "it may be necessary" to do so.    Even when the power is undisputed, courts of equity are as a rule loath to interfere in such matters where the law makes other remedies available.    It was incidentally said by this court in *Attorney General* v. *Hane,* 50 Mich. 447, in dismissing the appeal of a suit brought in behalf of the State on the sole intervention of the attorney general to suppress an alleged menace to public health though apparently at the instance of others:

"The case must exhibit very remarkable features to authorize the attorney general to proceed as relator for the State at his own instance, and by information in chancery sue a private person to abate a mill-dam on the ground of its being hurtful to health."

We do not need to go to that extreme, as no question of public health is involved here.    No remarkable features of an impelling nature are disclosed by this bill.    It shows no emergency by reason of recent or threatened action to block this thoroughfare from public travel.    The charge is a completed purpresture by erection and occupation of a permanent building upon a portion of the 100-foot easement for a highway which yet leaves unobstructed and undisturbed a traveled street 50 feet wide for the use of the 493 inhabitants of that community and visitors to their city, to supply whose temporary wants we are told "is the principal business of said city."

The Constitution gives said city the right to reasonable control of its streets, as does its charter, granted by special act of the legislature, which details the rights and duties of its council in exercising that control.    It does not appear, beyond remote inference, and is not alleged that the council has been delinquent in or violated its official duties.    There is no allegation of any demand upon or refusal of the council to act in the matter, nor of any application or notice to the

council as to it by any of the inhabitants of or visitors to the city.

Both the State Constitution and city charter confer on the municipal authorities power to suppress the evil claimed to exist. It involves in the first instance a subject of local concern. Authority over and control of the street primarily rests with the city council. No charge of official malfeasance or nonfeasance is made against that body. The situation as disclosed by the facts stated in this bill neither shows necessity nor authority for the attorney general to act on his own motion in behalf of the State and bring a suit in chancery against a private party to abate by mandatory injunction the wrong complained of.

The order appealed from is reversed, and the bill of complaint demurred to will be dismissed.

McDONALD, CLARK, SHARPE, and MOORE, JJ., concurred with STEERE, J.

WIEST, C. J. (*concurring*). I concur in dismissing the bill. If the bill disclosed sufficient reason for the intervention of the attorney general the circuit court for the county of Ingham would have jurisdiction.

The attorney general may not bring suit in Ingham county to abate encroachments upon or remove obstructions from highways throughout the State, except those taken over by the State, unless local authorities refuse to act and the public interests demand State intervention.

CLARK, J., concurred with WIEST, C. J.

BIRD, J. (*dissenting*). The attorney general shows, by his bill, that on the southerly border of Mackinac Island there is a highway, 100 feet in width, bounded on the south by the waters of the straits, which has been in use by the public for upwards of 50 years. It is further shown that defendant has obstructed said

highway by making certain erections thereon.    These erections are charged to be public nuisances, and by way of relief he asks to have said erections abated and defendant enjoined from erecting other obstructions.

A motion in the nature of a demurrer was interposed by defendant.    The grounds assigned were:

(1) That the Ingham county court is without jurisdiction.

(2) That a court of equity does not have jurisdiction.

(3) That the attorney general is not a proper party to institute the proceeding.

1. The argument is made that the land is located in the county of Mackinac, and, under the rule provided by statute, the case could not be tried in Ingham county.    So far as appears by the bill no question of title is involved.    The attorney general is asking that an obstruction in a public highway be declared a public nuisance, and an order made to abate it.    In the section of the statute which provides that every suit in chancery shall be commenced in the circuit court for the county in which the property in dispute is situated, there is this proviso:

"And when it may be necessary to file a bill or information, or to commence any proceedings in chancery on the party [part] of or in behalf of the State, the same may, at the election of the attorney general, be commenced in the circuit court for the county of Ingham on the equity side thereof, and said court shall have complete jurisdiction and full power and authority in the premises."    3 Comp. Laws 1915, § 12340.

This proviso fully justified the attorney general in commencing this action to abate a public nuisance in the county of Ingham.    *McMullen* v. *Ingham Circuit Judge,* 102 Mich. 608.

2. It is insisted that a court of equity is without jurisdiction to entertain a bill to abate a public

nuisance in a public highway because a proceeding at law is provided for the use of the highway commissioner to force back fences which encroach upon the highway. We think the following statute answers this objection. Subdivision 1, section 12302, 3 Comp. Laws 1915, provides that equity courts shall have jurisdiction and authority,

"To hear and determine all cases of encroachment upon the public highways, streets or public alleys, in organized townships, incorporated villages, and cities in this State."

It is held that the remedy upon the law side of the court is cumulative. *Neal* v. *Gilmore,* 141 Mich. 519.

3. It is argued that the attorney general is not a proper party to institute the proceeding. The nuisance charged here is in a public highway and, therefore, is a public nuisance. It is not a local affair. It affects every one who has a right to travel upon the highway. The attorney general is a public officer and has usually been regarded as the proper officer to institute actions to abate public nuisances.

In *Attorney General* v. *City of Detroit,* 71 Mich. 92, where the attorney general sought to restrain removal of the public market, the court held that the attorney general was well within his authority. It was said by Mr. Justice CAMPBELL:

"There can be no doubt of the right and duty of the attorney general to intervene to prevent franchises of a public nature from usurpation or from destruction."

The attorney general in *Attorney General* v. *Board of Auditors,* 73 Mich. 53, sought to restrain an illegal action of the board of auditors in purchasing real estate. Speaking of the authority of the attorney general, Mr. Justice CAMPBELL said:

"But there has never been any rule in equity preventing the attorney general from acting on relation, so long as the grievance is one affecting the public interest, and he retains control of the suit."

It was held in *Hartingh* v. *Bay Circuit Judge,* 176 Mich. 289 (Ann. Cas. 1915B, 520), that the attorney general is a proper party complainant in equity to prevent the violation of law by village trustees, by the unlawful issuance of licenses to liquor dealers.

It is said in Cyc.:

"The attorney general of a State or the prosecuting attorney of the county or municipality in which a public nuisance exists may proceed in equity in behalf of the people for its abatement, but such a proceeding cannot be brought where the nuisance is a private one." 29 Cyc. p. 1235.

The view expressed in Ruling Case Law is:

"In the case of public nuisances which affect or endanger the public safety or convenience, and require immediate judicial interposition, such as obstructions of highways or navigable waters, the right of the attorney-general to file an information in equity for their abatement is unquestioned. The mere fact that the acts constituting the nuisance are punishable under the criminal law does not work an exception to the rule. Even though a public prosecution of a criminal character may be adopted for the purpose of redressing such a grievance, there can be no reason why the attorney-general may not institute civil proceedings when such are for any reason found to be more convenient and appropriate. Thus it is held that a court of chancery may, at the suit of the attorney-general, enjoin as a common nuisance the maintenance of a place where pools upon horse racing are sold, notwithstanding it may also be a crime; especially where the criminal laws have proved ineffectual to afford relief. To render a nuisance public in character, so as to warrant proceedings on the part of the attorney-general for its abatement, it is not essential that proof of actual injury to the public be adduced, so long as the nature of the acts complained of is such as to tend to the public detriment. Whenever an illegal act is being committed which in its nature tends to injure the public, the attorney-general may maintain an action to restrain its commission without introducing any evidence of actual injury to the public.

While the erection of a building above the statutory height permitted in the case of edifices fronting upon a public park, is not a public nuisance in the strict and narrow sense of that term, it is in the nature of one, and an information in equity by the attorney-general is the proper remedy for the enforcement of the public rights infringed as a consequence thereof. In like manner, the attorney-general may by an information in equity restrain the erection of bay windows over a passageway, where the State as original owner has deeded the land bounded by the passageway, but has reserved to itself the right of entry upon the premises to remove all obstructions which may be erected on the premises contrary to the stipulations." 2 R. C. L. p. 923.

"Equity offers a remedy for a public nuisance in the form of proceedings by the attorney-general or other public officer to restrain the unlawful acts in question;" citing, in support thereof, authorities from twelve different States. 20 R. C. L. p. 476.

In *Alabama Western R. Co.* v. *State, ex rel. Attorney General,* 155 Ala. 491 (46 South. 468, 19 L. R. A. [N. S.] 1173, 16 Ann. Cas. 485), it was held that the attorney general of the State might maintain a bill to abate an obstruction in a certain public street in the city of Birmingham. A motion was made in the trial court to dismiss the bill for want of equity, on the theory that the attorney general was not a proper moving party. Such motion was dismissed, and, in affirming the decree entered for the complainant, the supreme court of Alabama said, in part:

"A public street in a city is a public highway, and its uses belong to the public generally, and it cannot be said that such uses are limited to the municipality or to its citizenship alone. Nor is the authority and power of the municipality over its streets as to the abatement of nuisances exclusive."

But the point is made by Mr. Justice STEERE that no necessity is shown for commencing the case in

the Ingham circuit court. This question has never before been raised by this court to my knowledge. It has been heretofore treated as a question of reasonable discretion on the part of the attorney general. The question ought not now to be considered in the instant case, as the point was not raised by counsel. I am of the opinion, however, that the bill shows a necessity, and a public one. It involves a public nuisance in a public highway, in a locality where the State has more than the ordinary interest. The State has a greater property interest on Mackinac Island than any individual. It is the largest landowner on the island. Its land is a public park. The highway in question must be traveled in order to reach the State park. The island is a resort for rest and recreation in the summer season. The chief business of the island is resort business. It is the "Atlantic City" of Michigan, and the State is now engaged in improving it for the benefit and enjoyment of all its people and those of other States who may choose to visit it. Recently the legislature was awakened to the fact that the State with its 1,600 miles of sea coast and innumerable lakes is the natural playground for not only our own people but those residing in the Mississippi valley, and that the tourist trade is worth more than any other industry it has. In keeping with this view the State has recently, through its legislature, adopted the State policy of improving and enlarging the present parks, and creating new ones, for the convenience of our own people, and all the tourists who may visit us in the summer season (Act No. 218, Pub. Acts 1919 [Comp. Laws Supp. 1922, § 396 (1-10)]). A State park commission has been created, and defendant's counsel advised us in his brief that that commission is behind this case to clean up and remove the nuisance in the most prominent public street on the Island. This effort of the attorney general appears to be a State matter commenced for

the purpose of abating a public nuisance in a public street near the park, at the instigation of the State park commission to carry out an expressed State policy as declared by the legislature. This appears to me to show *necessity* sufficient to justify the action of the attorney general.

It is also said that since the Constitution of 1909 was adopted, municipalities have larger rights in their streets. This probably is true, but it has not enlarged the rights or powers of municipal officials to any extent, but has materially increased the right of the people to control franchises in their streets. There is nothing in the constitutional change which restricts in any way the power of the attorney general to attack public nuisances in public places.

To place this restriction on the power of the attorney general to attack public nuisances in public places is not salutary in my judgment, nor is it a move which will promote the public interest. If he may not attack obstructions in the public highway, it must follow that he cannot attack obstructions in the rivers of the State. Such a holding would be contrary to the holding of nearly every State in the Union. For these reasons I am unable to agree with the conclusions reached by Mr. Justice STEERE.

The order of the circuit court of Ingham county should be affirmed.

FELLOWS, J., concurred with BIRD, J.