DANIEL P. McMULLEN ET AL. v. ROLLIN H. PERSON, CIRCUIT JUDGE OF INGHAM COUNTY.

*Board of supervisors—County bonds—Erection of court-house— Suit to enjoin—Jurisdiction.*

1. How. Stat. § 483, subd. 8, which provides that the several boards of supervisors shall have power to provide for the payment of any loan made by them by a tax upon the county, which shall in all cases be within 15 years from the date of such loan, limits the issue of all county bonds to 15 years.

2. A board of supervisors adopted a resolution authorizing the borrowing of $35,000 upon the credit of the county, for the purpose of erecting a court-house, and the issuance of the bonds of the county for that sum, payable in ten installments, within 30 years of the date of their issue. the first installment to be made payable 10 years from said date. The loan was adopted by the electors, and the board of supervisors passed a resolution authorizing the issuance of the bonds, to be payable in 15 years from the date of issue. And it is held that the voters were clearly given to understand that the entire loan would not be payable in 15 years, but would be extended over a period of 30 years; that no such loan is authorized by law, and it was therefore void; but that, if the resolution were valid, the board disregarded the instructions of the electors, by making the entire amount payable at one time, and that for this reason the proposed issue of bonds is void.

3. How. Stat. § 6612, which provides that when it may be necessary to file a bill or information, or to commence any proceedings in chancery, on the part of or in behalf of the people of the State, the same may, at the election of the Attorney General, be commenced in the circuit court for the county of Ingham, in the equity side thereof, and said court shall have complete jurisdiction and full power and authority in the premises, authorizes the filing of a bill by the Attorney General in said court, upon the relation of citizens and taxpayers of another county, to enjoin the issuance by the board of supervisors, without legal authority, of bonds to be used in the erection of a court-house.

*Mandamus.* Argued October 30, 1894. Denied December 7, 1894.

Relators applied for *mandamus* to compel respondent to dissolve an injunction restraining the issue of certain bonds. The facts are stated in the opinion.

*M. V. & R. A. Montgomery,* for relators.

*A. A. Ellis,* Attorney General ( *McDonell & Hall* and *Humphrey & Grant,* of counsel), for respondent.

GRANT, J.   The board of supervisors of the county of Cheboygan, desiring to submit to the electors the question of the erection of a court-house, and the issue of bonds to obtain the necessary funds therefor, passed the following resolution by the requisite two-thirds vote:

"*Resolved,* that the board of supervisors of Cheboygan county be authorized to borrow $35,000 upon the faith and credit of the county of Cheboygan, and to issue the bonds of said county, to be payable in 10 installments, within 30 years of the date of their issue, first installment to be made payable 10 years from date of issue, and to bear interest at not exceeding (6) six per cent. per annum, to be used for the purpose of building and erecting a court-house in the county of Cheboygan."

The resolution further provided for the submission to the voters of printed ballots, on each of which were to be printed the words "For the Loan" and "Against the Loan;" with the appropriate square before each, in which the voter was to make a cross. The loan was adopted by a large majority. The board, after the canvass of the votes and the declaration of the result, adopted a resolution reciting the facts, and authorizing the issue of $35,-000 of bonds, payable in 15 years from the date of issue, at 5 per cent. per annum. The Attorney General, upon the relation of several citizens and tax-payers, filed a bill in chancery in the circuit court for the county of Ingham, praying for a perpetual injunction against the board of supervisors and others, to enjoin the issue of the bonds,

102 MICH.— 39.

and the purchase of a court-house site which the board had voted to purchase. A preliminary injunction was issued. The defendants (the relators here) moved to dissolve the injunction. The court dissolved it as to the purchase of the site, but retained it as to the issue of the bonds.

Two questions are raised:

1. Is the issue of the bonds authorized by the resolution and the action of the electors?

2. Has the court of chancery in Ingham county jurisdiction?

1. Section 483, How. Stat., defines and limits the powers of the board of supervisors in financial matters. They cannot exceed the authority there expressly given over the erection of county buildings and the loaning of money. They may fix and determine the site of any county building. Under clause 6, they may cause any such building to be erected, and prescribe the time and manner of erecting the same. By clause 7, they can borrow no greater sum than $1,000 for the purpose of constructing any public building, unless authorized by a majority of the electors of said county. Clause 8 authorizes them—

" To provide for the payment of any loan made by them by tax upon such county, which shall in all cases be within 15 years from the date of such loan."

The learned counsel for relators doubt whether subdivision 8 applies to an issue of bonds. We think, however, that the statute is susceptible of but one construction, viz., that it limits the issue of all bonds to 15 years.

By the resolution, no bonds could be made payable till the expiration of 10 years. It is argued that the 30-year limit provided in the resolution is of no consequence, and that the board might make the amount payable in semi-annual installments, so as to bring it within the limit of

15 years. We cannot assent to this construction. The proposition upon which the electors voted clearly was that the bonds should be made payable in installments extending over a period of 10 to 30 years. If the argument for relators be sound, then the board might make the entire amount payable in 10 monthly installments. The voters were clearly given to understand 'that the entire loan would not be payable in 15 years, but would be extended over a period of 30 years. No such loan is authorized by law, and it was therefore void. The intent of this law clearly is to prevent the imposition of burdens by taxation extending far into the future, upon those who could have no voice in imposing them.

But, if the resolution were valid, the board disregarded the instruction of the electors, by making the entire amount payable at one time. Many electors might not vote for the imposition of a tax of $35,000 in 15 years, who would vote to pay in installments extending over a period of 30 years. It must be held, therefore, that the proposed issue of the bonds is void because it is not such as the electors authorized.

2. This bill was filed under the supposed authority conferred by section 6612, How. Stat., which reads as follows:

" When it may be necessary to file a bill or information, or to commence any proceedings in chancery, on the part or in behalf of the State, the same may, at the election of ₊the Attorney General, be commenced in the circuit court for the county of Ingham, in the equity side thereof, and said court shall have complete jurisdiction and full power and authority in the premises."

The authority of the Attorney General to institute proceedings of this character has been repeatedly sustained. *Attorney General v. City of Detroit*, 55 Mich. 181; *Attorney General v. Board of Auditors*, 73 Id. 53; *Attorney General v. City of Detroit*, 71 Id. 92; *Attorney General v. City of Detroit*, 26 Id. 263. The power of the Legislature

to provide that such suits may be instituted in the county of Ingham, where the office of the law department of the State is located, is beyond question.

3. The circuit judge dissolved the injunction in so far as it restrained the purchase of a site for the court-house. That question is therefore not before us for determination.

The writ will be denied, without costs.

McGRATH, C. J., LONG and HOOKER, JJ., concurred with GRANT, J. MONTGOMERY, J., concurred in the result.