THE BOARD OF SUPERVISORS OF ALPENA COUNTY v. ANDREW J. SIMMONS, COUNTY CLERK OF ALPENA COUNTY.

|104|305|
|---|---|
|128|556|

*Boards of supervisors—Bonds—Limitation as to maturity— County roads.*

1. How. Stat. § 483, subd. 8, which provides that the several boards of supervisors shall have power to provide for the payment of any loan made by them by a tax upon the county, which shall in all cases be within 15 years from the date of such loan, limits the issue of all county bonds to 15 years; citing *McMullen v. Circuit Judge,* 102 Mich. 608.

2. Act No. 149, Laws of 1893, which provides for a county road system, and authorizes the issuance of bonds upon a vote of the electors of the county to raise money to be expended in the construction and maintenance of such roads, is silent as to the time of the maturity of said bonds, which is therefore limited by How. Stat. § 483, subd. 8, to 15 years.

*Certiorari* to Alpena. (Kelley, J.) Argued February 26, 1895. Decided March 5, 1895.

Relator applied to the circuit court for *mandamus* to compel respondent to execute certain bonds, and brings *certiorari* to review order denying the writ. Affirmed. The facts are stated in the opinion.

*L. G.· Dafoe,* for relator.

*A. M. Marshall,* for respondent.

104 MICH.— 20.

GRANT, J. At a special election held July 17, 1893, the electors of Alpena county adopted the county road system. The whole number of votes cast in the county was 738, of which number 583 were for it, and 155 against it. The board of supervisors thereupon provided for the election of commissioners, and submitted a proposition to the electors to bond the county for $100,000, the first $5,000 to be payable in 20 years, and the residue payable $5,000 each year thereafter; the bonds to bear annual interest at 5 per cent., payable semi-annually. The proposition carried by a vote of 1,614 to 666. The county clerk declined to sign the bonds, and the purpose of this proceeding is to compel their execution by him.

It is sought to distinguish this case from that of *Mc-Mullen v. Circuit Judge*, 102 Mich. 608, upon the ground that Act No. 149, Laws of 1893, entirely revolutionizes the road system and the road laws, and confers upon the people of the county the right to issue bonds to any extent, and payable at any time in the future. The authority to issue bonds is found in section 22 of the act of 1893, which provides that the board of supervisors may, by a two-thirds vote of all the members elect, resolve to issue bonds, and shall submit the question to a vote of the electors. The act says nothing about the maturity of such bonds.

We do not think the relator's argument is sound. The act which controlled the McMullen case was a general law entitled—

"An act to define the powers and duties of the boards of supervisors of the several counties, and to confer upon them certain local, administrative, and legislative powers."[1]

Its provisions control the issue of all bonds to be issued by the board of supervisors in the absence of other con-

---

[1] How. Stat. § 473 *et seq.*

trolling provisions of the act authorizing bonds. : The act of 1893 authorizes the issue of bonds, but is entirely silent as to the time of their maturity. It is fair to conclude that the Legislature did not intend to depart from the policy of the law which had been upon the statute book for more than 40 years, and which is stated in the McMullen case. Under relator's contention, the people of a county could incur a debt of enormous magnitude, and postpone its payment for from 50 to 100 years or more. Such power should be expressly conferred. It ought not to and cannot be implied.

The action of the circuit court in denying the writ of *mandamus* is affirmed.

The other Justices concurred.