VILLAGE OF WOLVERINE v. CHEBOYGAN CIRCUIT
JUDGE.

1. Mandamus—Injunction—Parties to Suit — Prosecuting Attorney.

In an application for mandamus to compel the dissolution of a temporary injunction issued in a suit by the prosecuting attorney on the relation of residents of a village, to prevent the approval of liquor dealers' bonds, the objection that the prosecuting attorney is an improper party is not meritorious where the attorney general has intervened and approved of his action.

2. Intoxicating Liquors — Prosecuting Attorney — Equity — Parties — Approval of Bonds — Restraining Unlawful Action—Public Officers.

Under 1 Comp. Laws, § 2556, the prosecuting attorney may file a bill to enjoin the unlawful approval of liquor dealers' bonds by a village council.

3. Same—Public Officers—Municipal Corporations — Injunction.

Injunction is the proper remedy to restrain the council of a village from approving a liquor dealer's bond which has been protested by a majority of the voters. Act No. 321, Pub. Acts 1907.

4. Same—Action of Council—Approval of Bond—Conclusiveness.

The action of a village council in holding that a protest of the majority of the voters against the approval of a liquor dealer's bond did not comply with the statute is not final.

5. Same —Temporary Injunction — Bond of Liquor Dealers— Approval.

It is a proper exercise of discretion to restrain, by a preliminary injunction, the approval of liquor dealers' bonds and the issuance of licenses to sell intoxicating liquors at retail where the court finds that a majority of the resident voters for governor at the last election protest against the bonds which are executed by a surety company. Act No. 321, Pub. Acts 1907.

Mandamus by the village of Wolverine and others to

compel Frank Shepard, circuit judge of Cheboygan county, to dissolve a temporary injunction. Submitted July 1, 1910. (Calendar No. 24,025.) Denied September 27, 1910.

*Charles D. Barghoorn* and *C. S. Reilley*, for relators.

*Franz C. Kuhn*, Attorney General, *David H. Crowley*, Prosecuting Attorney, and *Frost & Sprague*, for respondent.

MOORE, J. This is an application for a writ of mandamus to compel the respondent to dissolve a temporary injunction issued by him. Mr. Daley and Mr. Sellick are saloon men. The other relators are members of the village council of the village of Wolverine.

In April, 1910, a bill of complaint was filed by David H. Crowley, prosecuting attorney, on the relation of Fred D. Clark and Casson B. Stonehouse, in which it was represented that said Crowley had been and was prosecuting attorney, and that said Clark and Stonehouse were residents with their families of the village of Wolverine in said county, and the owners of valuable property therein; that the village of Wolverine consisted of six trustees, with its president, Henry Kuehl, and its clerk, Arthur Bonnett, all duly elected, qualified, and acting for said village; that on April 5, 1910, a majority of the qualified electors of the village of Wolverine, equal to a majority of the votes cast for governor at the last general election, filed a petition with said village protesting against the acceptance of bonds offered by any individual, firm, or corporation proposing to engage in the sale of intoxicating liquors, protesting against the acceptance of such bonds on which said bonds any surety or bonding company was given as the surety thereon; that it was the duty of the common council to refuse to accept bonds of any individual, firm, or corporation upon which a bonding company was given as surety; that James Daley and William Sellick, relators, had each secured bonds and proposed to

engage in the sale of intoxicating liquors at the village of Wolverine upon which said bonds the Michigan Bonding Company was surety, and that said Daley and Sellick offered and sought to have the village of Wolverine accept said bonds and duly certify to same, and to thereafter present the same to the county treasurer, and that said county treasurer was to be requested to issue a license thereon, and that, notwithstanding the filing of a petition protesting against the acceptance of such bonds, complainants were informed that the common council had no right to accept same and to issue a certificate, and that the common council's officers and trustees threatened to issue and deliver said bonds and deliver the certificates aforesaid; that the proposed action of the common council was without authority of law and beyond the powers of said council; and that its proposed action in issuing and delivering certificates of approval, and the proposed action of the county treasurer in issuing licenses, is a violation of public duty in that the proposed action was illegal and unlawful, and that licenses obtained upon said bonds would be illegal, and that the place where the sales of liquor would be made would be a nuisance and would work irremediable injury. The bill prayed for a writ of injunction. A demurrer and an answer were interposed to the bill of complaint. A temporary injunction was issued. A motion was made to dissolve this injunction. After a full hearing the motion was denied. This mandamus proceeding was then instituted.

The attorneys for the relators urge (we quote from the brief):

" There are four questions for discussion in this case, viz.:

"*First.* Had the prosecuting attorney for and in behalf of the people of the State of Michigan the right to commence this action ?

"*Second.* Was injunction the proper remedy ?

"*Third.* The effect of the action of the common council of the village of Wolverine on said petition of protest.

"*Fourth.* The construction to be placed on Act No. 321

of the Public Acts of 1907, what is meant by the expression therein, 'A majority of the qualified electors of any town, village or city, equal to a majority of the votes cast for governor at the last general election.'"

We will consider these questions in the order presented.

1. It ought to be stated in this connection that the attorney general of the State has intervened and approves of the action of the prosecuting attorney, so that, if the objection made by counsel is technically correct, it ought not to have much weight in an application for a writ of mandamus, which is a discretionary writ. We think, however, section 2556, 1 Comp. Laws, gives the prosecuting attorney full authority to appear in such a proceeding as this.

2. Is injunction the proper remedy? It has been repeatedly held by this court that, when officers are about to do unlawful and unauthorized acts, an injunction may be issued. See *McMullen* v. *Ingham Circuit Judge*, 102 Mich. 608 (61 N. W. 260), and the cases therein cited.

3. It is claimed under this head that the decision of the village council that the petition of protest does not comply with the law is final and controlling. Counsel cite many cases in support of this contention. An examination of these cases will show that they arose under statutes which expressly provided that the action should be final. The statute under consideration has no such provision.

4. It is the contention under this head (we quote from the brief):

"The intention of the legislature evidently was that a majority of the qualified electors, who were such qualified electors at the time of the presentation of the petition, should have the right to protest against the acceptance of surety bonds. It is only the persons who are qualified electors at that time who are interested in the acceptance of such bonds, and the protestants must be a majority of such qualified electors. To further define this majority the legislature adds that this majority must be equal to a majority of the votes cast for governor at the last general election."

The act under consideration is Act No. 321, Pub. Acts 1907. The language which is important here is as follows:

"SECTION 1. Whenever any bond * * * is by the law of the State * * * required * * * such bond * * * may be executed by a surety company qualified to act as surety or guarantor as hereinafter provided. * * * *Provided, further*, That where any bond is required for the sale of liquors under the laws of this State, such bonds shall not be executed by any surety company as herein provided, except by and with the consent and approval of the township board, or of the board of trustees or of the common council of any village or city as the case may be, within which said bond is required to be filed: And *Provided, further*, that the bond of such surety company shall not be accepted by said township board, common council or a board of trustees unless such surety company shall be a corporation of the State of Michigan, organized and existing under the laws of the State of Michigan, and with a capital stock of not less than five hundred thousand dollars: *Provided*, That whenever a majority of the qualified electors of any township, village or city equal to a majority of the votes cast for governor at the last general election shall file a petition with the township board of any township, board of trustees, council or common council of any village or city, protesting against the acceptance of the bonds offered by any individual, firm or corporation proposing to engage in the sale of intoxicating liquors at retail, it shall be unlawful for such township board of such township, board of trustees, council or common council of any village or city to accept such bonds."

This language is clear and unambiguous. The circuit judge found that 165 qualified electors residing in the village of Wolverine voted for governor at the last general election. He also found that 101 qualified electors residing in the village of Wolverine signed the petition of protest. We find no occasion to interfere with the action of the circuit judge.

The application of the relators is denied, with costs.

MCALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.