OSBORNE *v.* TOWNSHIP BOARD OF RICHLAND
TOWNSHIP.

1. MANDAMUS—PARTIES—INTOXICATING LIQUORS.

In mandamus proceedings against a township board to compel respondent to grant a petition signed by relators and others requesting the board to refuse a license to an applicant who desired to engage in the retail liquor business, whether the fact that the relators were such petitioners was sufficient to confer upon them a private right not possessed by other individuals to institute the proceeding for a writ of mandamus,—*quære.*

2. SAME—PARTIES—PETITION.

But where the prosecuting attorney of the county appeared in behalf of the petitioners and signed the petition for the writ in the capacity of prosecuting attorney and represented them in both circuit and Supreme Court, his action sufficiently evidenced his approval of the proceeding by the petitioners and sufficiently conformed to the requirements of 1 Comp. Laws, § 2556 (1 How. Stat. [2d Ed.] § 1152).

Certiorari to Ogemaw; Sharpe, J. Submitted October 6, 1914. (Calendar No. 26,327.) Decided December 18, 1914.

Mandamus by William H. Osborne and others against the township board of Richland township and others to require respondents to reject an application for retail liquor license. Respondents review the order granting the writ of certiorari. Affirmed.

*S. E. Hayes & Son,* for appellants. ·

*George Bennett,* Prosecuting Attorney (*William T. Yeo,* of counsel), for appellees.

KUHN, J. This is a proceeding by writ of certiorari to review an order of the circuit court granting a writ of mandamus. The respondent Fred Rice, on April 11, 1914, filed an application with the township board of the township of Richland, praying for a license to engage in the retail liquor business in the said township. On the same day a petition addressed to said township board, signed by each of the above relators and 104 other qualified electors of said township, protesting against the issuing of the license, was filed with the clerk of said township. At a meeting held by said township board, the said application and petitions were considered, and the said application was laid on the table. On the 25th of April, 1914, the respondent Fred Rice filed with the township clerk a liquor dealer's bond, signed by himself as principal and the Michigan Bonding & Surety Company as surety. On the same day, at a meeting of the township board, the application and bond of respondent Rice were approved, notwithstanding the protesting petition of the 111 qualified electors. At the hearing of the petition of the relators for a mandamus, no appearance or answer was made by either the township

board or the county treasurer, respondents herein, and the only appearance and answer thereto was by respondent Fred Rice.

The questions brought here for review were stated in counsel's brief as follows:

"(1) Because the proceedings were brought by the relators, who are private parties.

"(2) Because the only persons who have the right or authority to so petition and to bring such proceedings are the attorney general or the prosecuting attorney.

"(3) That a private citizen does not possess the right to ask for a writ of mandamus without permission of the court."

It appears, from an examination of the petition addressed to the circuit court for the county of Ogemaw, that the name of George Bennett is signed to said petition as prosecuting attorney in and for said county, and not as private attorney for the relators. The brief in this court is also filed by him in his official capacity.

It is urged by petitioners that the relators have a peculiar interest in the case, not in common with other citizens of the said township of Richland, in that their petition was ignored by the said township board, which gave them a right to ask for the relief granted to them by the circuit court, and that under the weight of authority they had a right as private individuals to launch this suit. Irrespective of whatever merit there may be to this claim, it is conceded that, if the petitioners had no right as private individuals to bring this action, the prosecuting attorney is the proper official to institute such a proceeding, by virtue of section 2556, 1 Comp. Laws (1 How. Stat. [2d Ed.] § 1152). And while it is true that his name does not appear as petitioner, it is clearly evident that he approves of the action in his official capacity; he having

signed the petition as prosecuting attorney and represented the petitioners in that capacity, both in the circuit court and in this court. We think this is clearly sufficient to show that he has acquiesced in and approves of the action of the petitioners in his official capacity, and therefore the objections urged are purely technical and without merit. See *Village of Wolverine* v. *Cheboygan Circuit Judge,* 162 Mich. 713 (127 N. W. 744).

The order of the circuit judge, granting the writ of mandamus, is affirmed.

MCALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.