ATTORNEY GENERAL, *ex rel.* STATE BANKING
COMMISSIONER, *v.* HYDE.

1. EXECUTION—INJUNCTION—BANKS—CONSERVATOR—JURISDICTION—
STATES.

Circuit court for county of Ingham had jurisdiction of suit by attorney general on relation of State banking commissioner to enjoin levy of execution by depositor in action against bank in hands of conservator, and, having it, may retain it to grant complete relief (3 Comp. Laws 1929, §§ 11951, 13997; Act No. 32, Pub. Acts 1933).

2. INJUNCTION—BONDS—STATES.

Injunction bond is not required in suit brought on behalf of State in such an action as one would not have been required where brought on behalf of Crown in England (3 Comp. Laws 1929, § 13944).

3. SAME—BONDS—RECEIVERSHIP.

General rules requiring injunction bonds do not apply to injunction restraining all action against an insolvent or interference with its assets until further court order where injunction is incidental to a receivership.

Appeal from Ingham; Carr (Leland W.), J. Submitted June 6, 1933. (Calendar No. 37,295.) Decided December 19, 1933.

Bill by Patrick H. O'Brien, Attorney General, for and in behalf of the people of the State of Michigan, on the relation of Rudolph E. Reichert, State Banking Commissioner, and another against Lena Hyde and others to enjoin proceedings by defendants against assets of closed bank in hands of conservator. Decree for plaintiff granting temporary injunction. Defendant Hyde appeals. Affirmed.

*Patrick H. O'Brien,* Attorney General, *Charles F. Cummins* and *Francis K. Young,* Assistants Attorney General, for plaintiff.

*Stewart & Black,* for defendant Hyde.

POTTER, J. Lena Hyde, as plaintiff, recovered a judgment against Yale State Bank for $3,175.82 and costs. Rudolph E. Reichert, State banking commissioner, took possession of the bank and appointed Guy E. Beard conservator of its assets. Plaintiff filed a bill against Reichert, State banking commissioner, and Beard, conservator, to prevent defendants from acting, for a receiver to be appointed by

the court to direct a necessary assessment of stockholders, to wind up the affairs of the bank and for other relief. The attorney general, on the relation of Rudolph E. Reichert, banking commissioner, filed a bill alleging the Yale State Bank was closed by executive order of the commissioner, that the banking commissioner, under Act No. 32, Pub. Acts 1933, appointed Guy E. Beard conservator, who had qualified; that the judgment of Lena Hyde, above mentioned, was for a savings account; that she threatened to procure an execution and levy upon the property of the bank; that to permit her to do so would be in violation of Act No. 32, Pub. Acts 1933, unlawful, illegal and would cause irreparable injury to other depositors, and that the action of said Lena Hyde constituted a collateral attack upon and an interference with the sovereign powers of the governor of the State, and asked for an injunction restraining the prosecution of the suit begun by Lena Hyde.

Plaintiff, in the original case, who was made defendant in the suit by the attorney general, moved to dismiss the bill of complaint of the attorney general, alleging plaintiff had no implied or statutory authority to bring the action, the court had no jurisdiction over the defendants or over the property forming the subject matter thereof; the bill of complaint failed to state an equitable cause of action or subject of equitable relief; the alleged equities in the attorney general's bill were founded upon illegal and void acts upon the part of the governor and the banking commissioner, based upon an unconstitutional and void enactment of the legislature known as Act No. 32, Pub. Acts 1933. Act No. 32, Pub. Acts 1933, is attacked as unconstitutional and void; because its title does not disclose

the object of the enactment; it attempts to impair the obligation of contracts; deprives creditors of banks of their property without due process of law; denies to creditors of banks the equal protection of the laws; attempts to curtail and invade the judicial power; delegates to a commissioner and appeal board judicial functions; delegates to a commissioner and appeal board the legislative functions of declaring laws that shall govern the rights and remedies of creditors; transfers to the executive department of the State legislative functions; and because it is arbitrary, capricious, unfair and unreasonable and contrary to public welfare.

This motion was overruled, and plaintiff in the original suit, Lena Hyde, appeals.

By briefs filed the discussion of the constitutional questions are eliminated and the questions to be decided are limited to whether the circuit court for the county of Ingham in chancery had jurisdiction, and whether plaintiff was required to give a bond.

Section 13997, 3 Comp. Laws 1929, in part is as follows:

"When it may be necessary to file a bill or information or to commence any proceedings in chancery on the part or in behalf of the State, the same may, at the election of the attorney general, be commenced in the circuit court for the county of Ingham on the equity side thereof, and said court shall have complete jurisdiction and full power and authority in the premises."        •

Section 11951, 3 Comp. Laws 1929, provides:

"All suits and proceedings arising out of the provisions of law governing banks in which the State or any of its officers or agents shall be parties plaintiff *shall be conducted under the direction and supervision of the attorney general* and may be

brought in the circuit court for the county of Ingham, or in the circuit court of the county in which the bank is located or in the Supreme Court of this State.''

A similar statute applies to suits and proceedings concerning trust companies. 3 Comp. Laws 1929, § 12034.

This suit arises out of the provisions of the law governing banks. It was instituted on the relation of a State officer, the commissioner of banking. It is being conducted under the direction and supervision of the attorney general. It is properly brought in the circuit court for the county of Ingham in chancery.

''The powers and jurisdiction of the circuit courts and circuit judges in chancery, in and for their respective counties shall be co-extensive with the powers and jurisdiction of the courts and judges in chancery in England as existing on March 1, 1847, with the exceptions, additions and limitations created and imposed by the Constitution and laws of this State.'' 3 Comp. Laws 1929, § 13944.

In England, where a suit is brought on behalf of the Crown, in which application is made for a preliminary injunction, it is not according to the ordinary practice of the court to require any undertaking as to damages to be given as a condition of obtaining the injunction. *Attorney General* v. *Albany Hotel Co.,* 2 Ch. (1896) 696; 32 C. J. p. 313.

The general rules requiring injunction bonds do not apply to an injunction restraining all action against an insolvent company or interference with its assets until further order of the court, where such injunction is incidental to a receivership. *Phœnix Foundry & Machine Co.* v. *North River Construction Co.,* 33 Hun (N. Y.), 156.

It would be anomalous for the State to enact that the State give a bond as a condition precedent to State action. It is just as liable without a bond as with one. No injunction bond was required. The circuit court for Ingham county, under Act No. 32, Pub. Acts 1933, and the general banking law had jurisdiction, and having it, may retain it to grant complete relief.

The decree of the trial court is affirmed, but without costs.

McDONALD, C. J., and SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. CLARK, J., took no part in this decision.