DORR *v*. BAY COUNTY DRAIN COMMISSIONER.

DRAINS—INTER-COUNTY DRAINS—INJUNCTION—INGHAM COUNTY.
Statute providing that the circuit court of Ingham county, where-in the State attorney general and commissioner of agriculture have their offices, or an unaffected contiguous county, have sole and exclusive jurisdiction of all inter-county drain pro-cedure merely changed the venue of such procedures and was within the discretion of the legislature to fix, hence in-junction suit in Saginaw county against Bay, Saginaw and Tuscola county drain commissioners and chairman of 2 inter-county drainage boards was properly dismissed (Const 1908, art 7, § 10; CL 1948, § 267.10, as added by PA 1949, No 247).

Appeal from Saginaw; Huff (Eugene Snow), J. Submitted June 28, 1951. (Docket No. 69, Calendar No. 45,106.) Decided January 15, 1952.

Bill by J. Manley and others against Leslie O. Johnson, Bay County Drain Commissioner, and others to restrain proceedings in cleaning out, wid-ening, straightening and deepening of Cheboyganing Creek Inter-County Drain and for other relief. Case dismissed on motion. Plaintiffs appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
17 Am Jur, Drains and Sewers § 33.

*A. J. Neberle,* for plaintiffs.

*Floyd T. Fuss (Chauncey W. Furman* and *Gerald B. Rosseau,* of counsel), for defendants.

Reid, J.   This is a bill of complaint filed in Saginaw county circuit court in chancery to enjoin certain contemplated actions by drain commissioners of 3 adjacent counties and 2 inter-county drainage boards from cleaning out, widening, straightening and deepening an inter-county drain, and for other relief.

From a decree dismissing the bill of complaint on motion on the ground that jurisdiction is exclusively vested in the. circuit court for the county of Ingham in chancery, plaintiffs appeal.

Defendants state the question involved as follows :
"Did PA 1949, No 247, deprive the circuit court for the county of Saginaw, in chancery, of jurisdiction to entertain suits involving inter-county drains?"

The matter in controversy on this appeal is disclosed in the Saginaw county drain commissioner's motion to dismiss the bill on the grounds :

"1. That the Rousch drain and the Cheboyganing creek drains as set forth in plaintiff's bill of complaint, are alleged to be and actually are inter-county drains within the meaning of the statute made and provided concerning inter-county drains.

"2. That the Saginaw county circuit court has no jurisdiction to hear or entertain subject cause of action, in that the circuit court for the county of Ingham has sole and exclusive jurisdiction regarding inter-county drain proceedings as set forth in CL 1948, § 267.10, as added by PA 1949, No 247 (Stat Ann 1949 Cum Supp § 11.75 [1])."

Clearly and without dispute, the subject matter of the instant suit pertains to inter-county drains.

CL 1948, § 267.10, as added by PA 1949, No 247 (Stat Ann 1949 Cum Supp § 11.75 [1]), is as follows:

"The circuit court for the county of Ingham shall have sole and exclusive jurisdiction, subject to review by the Supreme Court, of all inter-county drain procedure and on proper application may review any such proceeding by certiorari. If error is found the court shall direct the proceeding to be resumed from the last legal step taken. If Ingham county is involved in the inter-county drain project the circuit court of any unaffected contiguous county shall have jurisdiction."

Const 1908, art 7, § 10, is as follows:

"Circuit courts shall have original jurisdiction in all matters civil and criminal not excepted in this Constitution and not prohibited by law, and appellate jurisdiction from all inferior courts and tribunals and a supervisory control of the same. They shall also have power to issue writs of habeas corpus, mandamus, injunction, quo warranto and certiorari and to hear and determine the same; and to issue such other writs as may be necessary to carry into effect their orders, judgments and decrees and give them general control over inferior courts and tribunals within their respective jurisdictions, and in all such other cases and matters as the Supreme Court shall by rule prescribe."

Plaintiffs in their brief summarize their contentions as follows:

"Had the legislature intended to vest in the Ingham county circuit court exclusive jurisdiction to grant writs of injunction over every action involving an inter-county drain it would seem that stronger language than 'sole and exclusive jurisdiction, * * * over [of] all inter-county drain procedure' would have been used. Plaintiffs contend that the provisions of * * * section 10 [of Constitution 1908, art 7] effectively limit the jurisdiction of the Ingham

county circuit court to inter-county drain procedure and that circuit courts for the county where the land is situated still have jurisdiction to grant injunctive relief to prevent the flooding of the land in such county whether the cause of the flooding will result from the acts of a private individual, public corporation, county drain commissioner or inter-county drainage board."

The provision for jurisdiction in Ingham county circuit court of inter-county drain matters may be intended, among other things, to aid the attorney general in the handling and presentation of inter-county drain cases in court, Ingham county being the county where the State capitol is situated and in which the office of the attorney general is situated (the attorney general having advisory relation to public officers through prosecuting attorneys and otherwise) and also where the office of the State commissioner of agriculture, whose office has certain statutory duties to perform concerning inter-county drains, is situated.

Plaintiffs seem to argue that Constitution 1908, art 7, § 10, above cited, prevents the legislature from enacting PA 1949, No 247, by granting jurisdiction to circuit courts so fully that there is no power left to the legislature to enact the act in question.

In *McMullen* v. *Ingham Circuit Judge,* 102 Mich 608, we had under consideration How Stat, § 6612, which read as follows:

"When it may be necessary to file a bill or information, or to commence any proceedings in chancery, on the part or in behalf of the State, the same may, at the election of the attorney general, be commenced in the circuit court for the county of Ingham, in the equity side thereof, and said court shall have complete jurisdiction and full power and authority in the premises."

In respect to that section we say:

"The power of the Legislature to provide that such suits may be instituted in the county of Ingham, where the office of the law department of the State is located, is beyond question."

In *Attorney General, ex rel. State Banking Commissioner,* v. *Hyde,* 265 Mich 363, this Court considered CL 1929, § 13997,* which is as follows:

"When it may be necessary to file a bill or information or to commence any proceedings in chancery on the part or in behalf of the State, the same may, at the election of the attorney general, be commenced in the circuit court for the county of Ingham on the equity side thereof, and said court shall have complete jurisdiction and full power and authority in the premises," which provision we upheld and speak of the suit then pending as follows, page 367:

"It is properly brought in the circuit court for the county of Ingham in chancery."

In these 2 decisions, the *McMullen Case* and *Attorney General, ex rel. State Banking Commissioner,* v. *Hyde, supra,* the power and authority of the legislature to enact the section in question in each case is treated as being proper and within the lawful authority of the legislature. We deem that the act in question here, PA 1949, No 247, does not contravene Constitution 1908, art 7, § 10, in the manner indicated by plaintiffs.

The trial court held that the Saginaw circuit court in chancery did not have jurisdiction of the intercounty drain case, in which decision we concur.

The decree dismissing the bill of complaint is affirmed. Costs to defendants.

North, C. J., and Dethmers, Butzel, Carr, Bushnell, Sharpe, and Boyles, JJ., concurred.

---

* CL 1948, § 610.1 (Stat Ann § 27.641).—Reporter.